IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO BLACK TURNER,<br><br>    Plaintiff,<br><br>  v.<br><br>A. MORRISON AND D. LIEDTHE,<br><br>    Defendants. | )  No. C 03-4675 JSW (PR)<br>)<br>)  **ORDER SERVING AMENDED**<br>)  **COMPLAINT, DENYING**<br>)  **DEFAULT AND INSTRUCTIONS**<br>)  **TO THE CLERK**<br>)<br>)  (Docket No. 33)<br>)<br>) |

Plaintiff, a prisoner of the State of California incarcerated at Salinas Valley State Prison (SVSP), filed a pro se civil rights complaint under 42 U.S.C. § 1983. On December 12, 2003, this Court ordered service of the complaint, which alleged deliberate indifference to Plaintiff's safety on the part of several officials at the prison.

Summonses were issued as to all three named Defendants, however the Court received notification that two of the named Defendants had not been served  After Defendant Kato filed a motion to dismiss, Plaintiff filed an amended complaint and requested that Defendant Kato be dismissed from this action (docket 18). As a result, the Court denied Defendant's motion as moot (docket no. 19). The Court then reviewed Plaintiff's amended complaint under 28 U.S.C. § 1915A(a) and found that liberally construed, it stated a claim against two named Defendants, Morrison and Liedthe. However, because Plaintiff had not provided sufficient identifying information, the Court provided Plaintiff with 60 days in which to provide more information regarding the two defendants so that those two Defendants could be served with the amended complaint. On March 21, 2005, Plaintiff filed a notice with the Court, providing further identifying

information regarding the named Defendants (docket no. 20). The Court again ordered service of the amended complaint. However, service was again returned unexecuted and the U. S. Marshal has provided the Court with a letter from the facility that service could not be effected on those individuals, as no one with those names worked there (docket no. 27).

Plaintiff has since filed a motion seeking entry of default, alleging that Defendants have failed to appear (docket no. 33). However, because Defendants have not been served, they have not defaulted and Plaintiff's motion is DENIED (docket no. 33).

Plaintiff has also filed a pleading in which he informs the Court that he has discovered identifying information regarding the Defendants, who he now identifies as A. Morrison, II and D. Liedthe (docket no. 32). As such, the Court will now order the U.S. Marshal to make a further attempt at serving the amended complaint on Defendants.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (docket no. 18) and all attachments thereto, and a copy of this order upon: **Correctional Officers D. Liedthe and A. Morrison, of Salinas Valley State Prison.** The Clerk shall also serve a copy of this order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **sixty (60) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor**

2

1 **qualified immunity found, if material facts are in dispute.  If defendant is of the**
2 **opinion that this case cannot be resolved by summary judgment, they shall so**
3 **inform the Court prior to the date their summary judgment motion is due**.
4 All papers filed with the Court shall be promptly served on the Plaintiff.
5 b.  Plaintiff's opposition to the dispositive motion shall be filed with the
6 Court and served on Defendants no later than **thirty (30) days** from the date Defendants'
7 motion is filed.  The Ninth Circuit has held that the following notice should be given to
8 Plaintiff:

> The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

21 *Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).
22 Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and
23 *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary
24 judgment must come forward with evidence showing triable issues of material fact on
25 every essential element of his claim).
26 c.  Defendants shall file a reply brief no later than **fifteen (15) days** after

3

Plaintiff's opposition is filed.

      d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

   3.  Extensions of time are not favored, though reasonable extensions will be granted.  However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received.  Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

   4. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

   5. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

   IT IS SO ORDERED.

DATED: May 18, 2006

                                              *Jeffrey S. White*
                                    JEFFREY S. WHITE
                                    United States District Judge